IN THE CIRCUIT COURT OF THE TENTH JUDICIAL
CIRCUIT IN AND FOR HIGHLANDS COUNTY, FLORIDA

| | |
|---|---|
| **Angela Wilkey**, <br> Plaintiff, <br><br> v. <br><br> A Ride2Care, LLC, <br> Taxi Pronto, Inc., and INVO PEO <br> of FL, Inco., <br> Defendants. | Case No: |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Angela Wilkey ("Plaintiff"), sues A Ride2Care, LLC ("Ride2Care"), a Florida limited liability company, Taxi Pronto, Inc. ("Taxi Pronto"), and INVO PEO of FL, Inc., a Florida Corporation ("INVO") (collectively referred to as "Defendants"), and states as follows:

## COMMON ALLEGATIONS

1. Plaintiff is an individual resident of Polk County, Florida.

2. At all material times, Defendant Ride2Care was a Florida corporation with its principal place of business in St. Lucie County, Florida.

3. At all material times, Defendant Taxi Pronto was a Florida corporation with its principal place of business in St. Lucie County, Florida.

4. At all material times, Defendant INVO was a Florida corporation with its principal place of business in Seminole County, Florida.

5. This Court has subject matter jurisdiction over the claims alleged.

1

6. This Court is the appropriate venue for this proceeding because the causes of action alleged accrued in Highlands County, Florida.

7. Plaintiff is a member of a protected class. She is female.

8. Ride2Care and Taxi Pronto are businesses that provide transportation services for persons with limited mobility, such as the elderly and disabled.

9. INVO is a Professional Employer Organization, or "PEO", which functions as an employee leasing company. INVO employs workers on paper and leases them to other companies, delegating control over those employees to its clients.

10. Plaintiff began her employment with Defendants as a driver on or about October 5, 2019. She was primarily employed to provide transportation services in Highlands County, Florida.

11. Plaintiff was employed by Ride2Care and Taxi Pronto through INVO. For the purposes of Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act, she was employed by all three entities.

12. Ride2Care and Taxi Pronto are owned and managed by Romeo Holligan, and his two daughters. Their full names are unknown, but their given names are Janae and Juliette.

13. Ride2Care and Taxi Pronto are highly integrated with respect to ownership and operations. They share a common nexus of ownership, operations, control, and perform or are involved in the performance of the same function: providing transportation services. As such, they are a single integrated employer for the purposes of Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act.

14. INVO, Ride2Care, and Taxi Pronto retain sufficient control over the terms and conditions of employment of the other two entities that all three should be aggregated as joint employers for the purposes of Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act. Alternatively, where any two of them meet this requirement, those two should be so aggregated.

15. INVO delegated control of some traditional rights over employees to Ride2Care and Taxi Pronto, including but not limited to the right to determine certain terms and conditions of employment, working conditions, duties, and day-to-do activities. Thus, Ride2Care and Taxi Pronto should be treated as agents of INVO and aggregated with each other and with it for the purposes of Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act.

16. Additionally, Ride2Care and Taxi Pronto delegated sufficient control of some traditional rights over employees to INVO, including but not limited to the right to determine the structure of the employment relationship, certain terms and conditions of employment, compliance methods, accounting methods, workers compensation insurance, and recordkeeping. Thus, INVO should be treated as an agent of Ride2Care and Taxi Pronto and aggregated with them for the purposes of Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act.

17. As the context may require avoiding mutually exclusive findings, but only to that extent, the preceding four paragraphs should be construed as alternative pleadings.

18. At the start of her employment, Plaintiff was told by Romeo Holligan that she would be training with co-worker Joseph Ehling. Ehling told her the same thing. She was told that, during her training period, Ehling would

be her supervisor when she was with him, i.e., he controlled her day-to-day duties.

19. On or about November 5, 2019, during training, Plaintiff was riding with Ehling providing transportation services in Highlands County, Florida.

20. On this date, she was sexually harassed by Ehling. Ehling repeatedly suggested to Plaintiff that she go to the back of the company van with him to have sex.

21. On this date, Ehling repeatedly made comments such as, but limited to, these in a sexually suggestive and inappropriate manner while he was riding alone with Plaintiff in the van:

   a. "That was a nice view… the ass in your jeans. I am a man."

   b. "Can you tell me what your pussy looks like? My girlfriend's is thick. I like the ones that look like butterflies. You can go back in the van and show me."

   c. "I want to eat at the Y", a slang phrase meaning he wanted to perform oral sex on Plaintiff. He said this comment and made similar statements often throughout the day.

22. On this date, Ehling showed Plaintiff a picture on his phone. He told Ehling it was a picture of his daughter, but it was actually a picture of a woman's genitals. Afterwards, he told Plaintiff "I showed you mine, you can show me yours."

23. On this date, Ehling also tried to reach over and unzip Plaintiff's boot, saying "Your boot comes off easy, your pants will come off easy, too."

4

24. Plaintiff was not interested in Ehling's advances, and she repeatedly told him so.

25. On the day of the incident, Plaintiff reported the harassment to Holligan. Plaintiff initiated telephone and text communications with Holligan and his daughter, Janae, and spoke with his other daughter, Juliette, via telephone on the day of the incident, while the incident was occurring.

26. Following Plaintiff's report, Defendants claimed they launched an internal investigation. However, Plaintiff was never interviewed as part of this alleged "investigation."

27. Plaintiff's hours were reduced.

28. On December 5, 2019, Plaintiff was terminated.

29. Plaintiff was terminated in retaliation for reporting sexual harassment.

30. Defendant discriminated and retaliated against Plaintiff with malice and reckless indifference to the rights of Plaintiff.

31. Plaintiff has been damaged by the Defendant's actions. Her damages include, but are not limited to, lost wages, emotional distress, and attorneys' fees and costs.

32. Plaintiff filed charges with the U.S. Equal Employment Opportunity Commission ("EEOC") arising out of these incidents, charge numbers 511-2020-02146 and 511-2020-02147 within 300 days of her termination date, December 5, 2019.

33. The charges were deemed dual-filed with the Florida Commission on Human Relations ("FCHR") and processed by the EEOC on behalf of the FCHR pursuant to a work-sharing agreement between the EEOC and the FCHR.

34. The EEOC, acting on behalf of the FCHR, failed to conciliate or determine whether there was reasonable cause for the charge within 180 days of the filing of the charge.

35. The EEOC issued Plaintiff Notices of Rights attached as Exhibit "A."

36. Plaintiff has retained the undersigned law firm and agreed to pay it a reasonable fee for its services.

## COUNT 1 – TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 – SEXUAL HARASSMENT

37. This is a cause of action for sexual harassment in violation of Title VII of the Civil Rights Act of 1964 seeking damages in excess of $30,000.

38. Plaintiff restates the allegations of paragraphs 1 through 35 above.

39. Plaintiff was sexually harassed in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

## COUNT 2 – TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 – RETALIATION

40. This is a cause of action for retaliation in violation of Title VII of the Civil Rights Act of 1964 seeking damages in excess of $30,000.

41. Plaintiff restates the allegations of paragraphs 1 through 35 above.

42. Plaintiff was retaliated against for reporting sexual harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

## COUNT 3 – FLORIDA CIVIL RIGHTS ACT – SEXUAL HARASSMENT

43. This is a cause of action for sexual harassment in violation of theFlorida Civil Rights Act, Fla. Stat. § 760.01 et seq seeking damages in excess of $30,000.

44. Plaintiff restates the allegations of paragraphs 1 through 35 above.

45. Plaintiff was sexually harassed in violation of the Florida Civil Rights Act, Fla. Stat. § 760.01 et seq.

## COUNT 4 – FLORIDA CIVIL RIGHTS ACT – RETALIATION

46. This is a cause of action for retaliation in violation of the Florida Civil Rights Act, Fla. Stat. § 760.01 et seq seeking damages in excess of $30,000.

47. Plaintiff restates the allegations of paragraphs 1 through 35 above.

48. Plaintiff was retaliated against for reporting sexual harassment in violation of the Florida Civil Rights Act, Fla. Stat. § 760.01 et seq.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

Respectfully submitted this 8th day of December 2021.

        s/ J. Kemp Brinson
        J. Kemp Brinson, Esq.
        Fla. Bar No. 752541
        **BLOODWORTH LAW, PLLC**
        801 N. Magnolia Ave., Ste. 216
        Orlando, FL 32803
        Office: (407) 777-8541
        Primary: KBrinson@LawyerFightsForYou.com
        Secondary: RKovacevic@LawyerFightsForYou.com
        Attorney for Plaintiff

# EXHIBIT "A"



EEOC Form 161-B (11/2020) **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Angela Wilkey<br>6425 Jewell Lane<br>Lake Wales, FL 33898 | From: | Tampa Field Office<br>501 East Polk Street<br>Room 1000<br>Tampa, FL 33602 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 511-2020-02147 | My Linh Kingston, Investigator | (813) 710-9369 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Evangeline Hawthorne* Digitally signed by Evangeline Hawthorne
Date: 2021.09.09 10:56:52 -04'00'

Enclosures(s)     **Evangeline Hawthorne, Director**     *(Date Issued)*

cc: Romeo Holligan
Owner
TAXI PRONTO, INC.
1218 SW Century Avenue
Port St Lucie, FL 34953

J. Kemp Brinson, Esq.
BLOODWORTH LAW PLCC
801 North Magnolia Avenue
Suite 216
Orlando, FL 32803

W. Scott Turnbull
CRARY BUCHANAN, P.A.
759 SW Federal Highway
Suite 106
Stuart, FL 34995

Enclosure with EEOC
Form 161-B (11/2020)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *issued* to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than <u>2 years (3 years)</u> before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*