UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 21-14500-CIV-CANNON

**ANGELA WILKEY**,

    Plaintiff,
v.

**A RIDE2CARE, LLC**,
**TAXI PRONTO, INC.**,
**INVO PEO OF FL, INC.**, and
**JOSEPH EHLING**,

    Defendants.
_____/

## ORDER ON DEFAULT FINAL JUDGMENT PROCEDURE

**THIS CAUSE** comes before the Court upon the Clerk's Default as to Defendant Joseph Ehling [ECF No. 51], entered on May 13, 2022. Defendants A Ride2care, LLC, Taxi Pronto, Inc., and INVO PEO of FL, Inc., have appeared and responded to the complaint [ECF Nos. 37–38]. Upon review of the record, however, it appears that Defendant Joseph Ehling has indeed failed to respond to the Complaint or otherwise to appear in this action. Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiffs must file one of the following two responses by **June 13, 2022**:

(1) Where there is only one Defendant, or where there are multiple Defendants,[1] but no allegations of joint and several liability, and no possibility of inconsistent liability between Defendants, Plaintiffs shall file a *motion for default final judgment*.

The *motion for default final judgment* must include affidavits of any sum certain due by

---

[1] If there are multiple Defendants, Plaintiffs must state in the *motion for default final judgment* that there are no allegations of joint and several liability and set forth the basis why there is no possibility of inconsistent liability.

CASE NO. 21-14500-CIV-CANNON

Defendant, and any other supporting documentation necessary to determine Plaintiffs' measure of damages.  The *motion* shall also be accompanied by (1) the necessary affidavit under the Servicemembers Civil Relief Act, 50 U.S.C. section 3931(b), if applicable; (2) a proposed order; and (3) a proposed final judgment.  (These last two are required by Local Rule 7.1(a)(2)).  Pursuant to the CM/ECF Administrative Procedures, the proposed orders **shall be submitted to the Court by e-mail in Word format** to cannon@flsd.uscourts.gov.  Plaintiffs shall send a copy of the *motion* to Defendant's counsel or to Defendant if it does not have counsel.  In the certificate of service, Plaintiffs shall indicate that notice was sent and the addresses where notice was sent.

If Defendant fails to move to set aside the Clerk's Default or respond to the *motion for default final judgment* within the time permitted by the Rules, default final judgment may be entered, which, simply put, means that Plaintiffs may be able to take Defendant's property or money, and/or obtain other relief against Defendant.

(2)  Where there are multiple Defendants and allegations of joint and several liability, or the possibility of inconsistent liability between Defendants, Plaintiffs shall file a *notice of joint liability*.  See *Frow v. De La Vega*, 82 U.S. 552, 554 (1872); 10A CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 2690 (4th ed. 2017) (citing *Frow*, 82 U.S. at 554); *see also Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984).

The *notice of joint liability* must briefly describe the allegations and advise the Court of the status of the other Defendants' liability.  Once liability is resolved as to all Defendants, Plaintiffs may move for the entry of default final judgment against Defendant, as described in (1) above, no later than 14 days thereafter.

Plaintiffs' failure to file for a *motion for default final judgment* or *notice of joint liability* within the specified time will result in a **dismissal** without prejudice as to these Defendants.

CASE NO. 21-14500-CIV-CANNON

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 16th day of May 2022.

AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc: counsel of record